UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 05, 2019

LETTER TO COUNSEL

      RE:   *Raquel P. v. Commissioner, Social Security Administration*;
              Civil No. SAG-18-1032

Dear Counsel:

On April 10, 2018, Plaintiff Raquel P. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits in 2010, alleging a disability onset date of February 15, 2009. Tr. 334-46. Her claims were denied initially and on reconsideration. Tr. 200-05, 209-22. A hearing was held on August 14, 2012, before an Administrative Law Judge ("ALJ"). Tr. 54-99. Following the hearing, the ALJ determined that Plaintiff was not disabled, but the Appeals Council ("AC") later remanded the case for further proceedings. Tr. 176-94, 195-99. On June 11, 2014, an ALJ held a second hearing. Tr. 100-31. Following that hearing, the ALJ again determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 33-53. This Court remanded the case to the Commissioner for further adjudication, following an appeal. Tr. 1542-47. An ALJ held two additional hearings in 2017. Tr. 1370-1467, 1468-81. Following those hearings, on December 19, 2017, an ALJ issued an opinion granting Plaintiff benefits as of March 14, 2015, but denying benefits prior to that date. Tr. 1334-58. The ALJ's 2017 decision therefore constitutes the final, reviewable decision of the Agency.

In that opinion, the ALJ determined that, since her alleged onset date, Plaintiff had suffered from the severe impairments of "asthma, obesity, anxiety disorder, obsessive-compulsive disorder ("OCD"), low intellectual functioning, and panic disorder." Tr. 1337. The ALJ further found that as of March 14, 2015, Plaintiff had the additional severe impairment of seizure disorder. *Id.* The ALJ determined that, despite her impairments, prior to March 14, 2015, Plaintiff retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders or scaffolds. Occasional climbing of ramps and stairs, stooping,

kneeling, crouching, crawling, and balancing. No exposure to hazards such as unprotected heights or moving mechanical parts. No concentrated exposure to dust, fumes, or pulmonary irritants. Occasional exposure to weather, extreme cold or heat, humidity, and wetness. Further limited to performing simple, routine tasks, but can apply common-sense understanding to carry out detailed but involved [sic] instructions. No production-rate work in which each job task must be completed within strict time periods. Further limited to making simple work-related decisions with only occasional changes in the routine work setting. Occasional interaction with supervisors, co-workers, and the public. Time off task during the workday can be accommodated by normal breaks.

Tr. 1341. After considering the testimony of a vocational expert ("VE"), the ALJ determined that, prior to March 14, 2015, Plaintiff could perform jobs existing in significant numbers in the national economy, particularly those of marker, mail clerk, and office helper, and that Plaintiff was therefore not disabled prior to that date. Tr. 1355-57. The ALJ found that Plaintiff became disabled upon the onset of her seizure disorder on March 14, 2015. Tr. 1356-57.

Plaintiff appeals the portion of the ALJ's decision finding her not to be disabled prior to March 14, 2015, and raises several arguments on appeal: (1) that the ALJ improperly determined the onset date of disability without using a medical expert; (2) that the ALJ made medical findings relating to the new paragraph B criteria in Section 12.00, and that Plaintiff was prejudiced by the changes to the Listings; (3) that the ALJ improperly relied on non-compliance to deny Plaintiff's claim before March, 2015; and (4) that the ALJ's RFC assessment was inconsistent with the reasoning levels for the jobs identified by the VE. ECF 14-1 at 6-8. Each argument lacks merit for the reasons addressed below.

First, Plaintiff argues that *Bird v. Commissioner,* 699 F.3d 337 (4th Cir. 2012) and Social Security Ruling ("SSR") 83-20, 1983 WL 31249 (S.S.A. Jan. 1, 1983), require an ALJ to consult a medical expert to make "a medically informed determination of when disability occurs." ECF 14-1 at 6. Plaintiff's reading of those two sources is inaccurate. *Bird* requires an ALJ to consult a medical expert only in cases where "the date of onset of the disability is ambiguous." *Bird,* 699 F.2d at 345. Similarly, SSR 83-20 directs an ALJ to consider all relevant evidence to determine disability onset, and requires the ALJ to consult with a medical expert only when the ALJ could "infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." 1983 WL 31249, at *3. In this case, the date of onset of symptoms from the disabling impairment, Plaintiff's seizure disorder, is evident from the medical record. On March 14, 2015, Plaintiff suffered a seizure while driving and crashed her vehicle. Tr. 1356. She received treatment in the emergency room with her daughter, who was in the passenger seat of the vehicle and could describe her mother's symptoms before the accident. Tr. 1356, 1939. As the ALJ noted, at the hearing, Plaintiff corroborated the onset date of her seizures as having been in March, 2015. Tr. 1356, 1386. Plaintiff's medical treatment for the seizure disorder began in the emergency room following the accident, so there is no suggestion that the onset occurred "some time prior to the date of the first recorded medical examination," as required by the SSR. In light of the lack of prior symptoms and the lack of ambiguity regarding the onset date, neither *Bird* nor SSR 83-20 required the ALJ to consult a medical expert. The ALJ provided substantial evidence to support the determination that, as of March 14, 2015, Plaintiff met Listing 11.02B. Moreover, Plaintiff's suggestion that her other medical impairments may have caused a medical expert to

2

select an earlier onset date is unavailing. The ALJ provided substantial evidence to support his evaluation of Plaintiff's pre-March, 2015 impairments, and it is evident from the opinion that those impairments did not constitute the basis of the ALJ's finding of disability.

Second, Plaintiff contests the ALJ's consideration of the Listings pertaining to her symptoms before March 14, 2015. First, Plaintiff contends that the ALJ could not make findings on the paragraph B criteria in Listings 12.00 *et seq.*, as revised on January 17, 2017, because no medical sources had applied the revised criteria to Plaintiff's impairments. ECF 14-1 at 6. However, the assessment of the Paragraph B criteria is properly performed by the ALJ, not by a physician. 20 C.F.R. §§ 404.1520a, 416.920a. An ALJ is permitted, but is not required, to return the file to the State agency if the assistance of a medical expert is needed to complete the consideration of the Paragraph B criteria. *Id.* In this case, the ALJ completed the appropriate Paragraph B assessment using the revised criteria, and cited to facts from the record to support the degree of limitation assessed in each functional area. Tr. 1340-41. The ALJ's analysis therefore comported with the governing law.

Similarly, Plaintiff suggests that she was "prejudiced" by a change in Listing 12.05C effective January 17, 2017. ECF 14-1 at 7. Plaintiff has not demonstrated how she would have met the original criteria of the Listing, nor has Plaintiff established that SSA lacked authority to revise the Listing. She has cited no cases in which a plaintiff whose case had been delayed was able to avail his or herself of a version of the listings other than that in effect at the time the case was finally considered. Accordingly, Plaintiff's argument is flawed.

Third, Plaintiff argues that the ALJ "cannot use non-compliance to deny [Plaintiff's] claim prior to March 2015." ECF 14-1 at 7. Plaintiff cites to the procedure described in SSR 82-59, 1982 WL 31384 (S.S.A. Jan. 1, 1982),[1] allowing an ALJ to deny benefits on the basis of non-compliance with prescribed treatment. *Id.* "However, SSR 82-59 only applies to '[a]n individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source.'" *Myers v. Comm'r, Soc. Sec. Admin.*, 456 Fed. App'x 230, 232 (4th Cir. 2011) (unpublished) (quoting SSR 82-59, 1982 WL 31384, at *1). In contrast, the ALJ here did not find Plaintiff to be under a disability, but rather used her alleged non-compliance as a factor in determining the weight of evidence. Tr. 1347-51. When viewing the ALJ's opinion as a whole, it is clear the ALJ did not rely on "non-compliance [as a] bar[] [to] benefits as a matter of law," ECF 14-1 at 7-8, but rather used Plaintiff's non-compliance as one of many factors in evaluating Plaintiff's claim. *See, e.g.,* 1351-53 (assigning weight to the opinions of medical sources); Tr. 1343 (reviewing Plaintiff's substantial daily activities); Tr. 1344-45 (describing evidence from the medical records showing normal examinations or mild symptoms). Accordingly, the ALJ supported his conclusions with substantial evidence, which included Plaintiff's non-compliance with prescribed treatment.

Finally, Plaintiff cites *Henderson v. Colvin,* 643 Fed. App'x 273 (4th Cir. 2016) (unpublished) for the proposition that a "reasoning level of 2 is inconsistent with simple work." ECF 14-1 at 8. Again, Plaintiff misreads the authority. *Henderson* found a conflict between "an RFC that limits [a plaintiff] to one-to-two step instructions and a GED Reasoning Code 2, which requires the ability to understand detailed instructions." 643 Fed. App'x at 277. Recently, in

---

[1] SSR 82-59 was rescinded and replaced on October 2, 2018, by SSR 18-3p, 2018 WL 4945641 (S.S.A. Oct. 2, 2018). However, SSR 82-59 was in effect at the time of the ALJ's decision.

*Thomas v. Berryhill,* No. 17-2215, 2019 WL 193948 (4th Cir. Feb. 22, 2019), the Fourth Circuit also held that there was an apparent conflict between an RFC limiting a plaintiff to "short, simple instructions" and jobs with a reasoning level of 2. The *Thomas* Court explained that the plaintiff, "being limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions." *Id.* at *5.

Unlike in *Henderson* and *Thomas,* the RFC assessment in this case specifically provides that Plaintiff "can apply common-sense understanding to carry out detailed but involved[2] [sic] instructions." Tr. 1341. That specific RFC provision exactly matches the definition of reasoning level 2. Because two of the three jobs the VE identified in this case require a reasoning level of 2, office helper (DOT No. 239.567-010) and marker (DOT No. 209.587-034), substantial evidence supported the ALJ's conclusion that there were jobs existing in significant numbers that Plaintiff could perform. To the extent that the one job requiring a reasoning level of 3, mail clerk (DOT No. 209.687-026) exceeded Plaintiff's RFC, that error is harmless in light of the substantial number of jobs identified at reasoning level 2.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, will be DENIED and Defendant's motion for summary judgment, ECF 17, will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] The actual RFC assessment, based upon logic and the question posed to the VE, should have read "detailed but uninvolved instructions." Tr. 1450.